IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–03206–CMA–KMT

MARK ALDRICH, an individual,

    Plaintiff,

v.

INDUSTRIAL COOLING SOLUTIONS, a corporation, and
TIM BOZIC, an individual,

    Defendants.

## ORDER

This matter is before the court on "Plaintiff's Motion to Strike Defendants' Improperly Disclosed Trial Witnesses." (Doc. No. 54 ["Mot."], filed January 5, 2016.) Defendants responded on January 14, 2016 (Doc. No. 58 ["Resp."]) and Plaintiff replied on January 28, 2016. (Doc. No. 59.)

Plaintiff requests that the court strike defense witnesses Leonardo Zayas and Brett Wade from Defendants' preliminary witness list appended to the Final Pretrial Order (Doc. No. 50) based on Defendants' failure to properly and timely disclose those individuals, pursuant to Fed. R. Civ. P. 26(a)(1) and (e).

### *I.  Rule 26 Discovery Violation*

Federal Rule of Civil Procedure 26(a)(1) requires a party to provide to the other party the name and, if known, the address and telephone number of each individual likely to have

Case 1:14-cv-03206-CMA-KMT   Document 61   Filed 03/07/16   USDC Colorado   Page 2 of 9

discoverable information, along with the subjects of that information, that may be used by the party to support its claims or defenses. To the extent one party places a person's name on a witness list of potential trial witnesses, that person is *sine qua non* a witness that may be used by the party to support its claims or defenses. *Id.* Such disclosures must be supplemented in a timely manner throughout the discovery period. *See* Fed. R. Civ. P. 26(e). When a party violates Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). A party violates Rule 26 by not disclosing witnesses prior to the close of discovery. *See, e.g.*, *Cohen v. Pub. Serv. Co. of Colo.*, No. 13-cv-00578-WYD-NYW, 2015 WL 6446948, at *2 (D. Colo. Oct. 26, 2015). The nonmoving party has the burden of showing that it was substantially justified in failing to comply with Rule 26(a)(1). *Nguyen v. IBP, Inc.*, 162 F.R.D. 675, 680 (D. Kan. 1995).

In determining whether a Rule 26 violation is harmless, the court considers factors including (1) the prejudice and surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness. *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002). Rule37(c) vests the district court with broad discretion to determine an appropriate sanction. *See Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). If the court determines that the violation is neither justified nor harmless, the court must choose a sanction that is both just and related to the particular violation. *Cohen,* 2015 WL 6446948 at *3 (citing *Jama v. City and Cnty. of Denver*, 304 F.R.D. 289, 300 (D. Colo. 2014)).

There is no dispute that Defendants did not timely identify -- through any formal Rule 26 disclosure during discovery -- either Leonardo Zayas or Brett Wade as a witness who might have material information relating to the Defendants' claims or defenses.  Defendants violated Rule 26, as they did not disclose Mr. Zayas or Mr. Wade until December 4, 2015, nearly two months after the close of discovery.  (Mot. at 3-4.)

### A.     *Leonardo Zayas*

Mr. Zayas is a former employee of the Defendant Industrial Cooling Solutions ("ICS") and Mr. Wade was a vendor with a long standing relationship with ICS.  (*Id*. at 4.)  Defendants argue that even though they did not formally disclose the two witnesses prior to the discovery cut off, Plaintiff at all times knew about the role that each played.  Defendants state, "Plaintiff himself first brought Mr. Zayas into the case when he provided, as part of his initial disclosures, an email that discusses Mr. Zayas and his alleged resignation from ICS due to software issues."  (Resp. at 2.)  Further, Defendants allege that Mr. Zayas's reasons for resignation from ICS were discussed during the deposition of Mr. Bozic.  (*Id*. at 2-3.)

Reduced to its essence, Defendants' argument is that a party's duty to supplement Rule 26(a)(1)(A)(i) disclosures is satisfied if an individual that may have relevant information is mentioned, even in passing, during a deposition.  That argument is predicated on an incomplete reading of Rule 26(a)(1)(A)(i) and would effectively undermine the very purpose of initial disclosures.  See *Poitra v. Sch. Dist. No. 1 in the Cty. of Denver*, 311 F.R.D. 659, 666 (D. Colo. 2015).

Rule 26(a)(1)(A)(i) requires that a party is duty-bound to disclose those individuals "likely to have discoverable information" that the disclosing party "may use to support its claims

or defenses." To complete the disclosure obligation, the party must also identify "the subjects of [the discoverable] information" that the putative witness may provide. A reasonable interpretation of Rule 26(e)(1)(A) and its reference to "incomplete or incorrect" disclosures presumes that the "additional or corrective information . . . otherwise made known . . . during the discovery process" will provide the functional equivalent of the information required under Rule 26(a)(1)(A). *See Commc'ns Corp. v. Jaxon Eng'g & Maint., Inc.*, ___ F. Supp. 3d ___, 2015 WL 5117792, at *8 (D. Colo. Sept. 1, 2015) ("To satisfy the 'made known' requirement, a party's collateral disclosure of the information that would normally be contained in a supplemental discovery response must be in such form and of such specificity as to be the functional equivalent of a supplemental discovery response; merely pointing to places in the discovery where the information was mentioned in passing is not sufficient.").

A reference to an individual during a deposition should not presumptively equate to a Rule 26(a)(1)(A)(i) disclosure that reflects counsel's knowledge, information and belief formed after a reasonable inquiry. *See Sender v. Mann*, 225 F.R.D. 645, 652 (D. Colo. 2004) (Rule 26 does not permit a party to rely on random mentions of certain persons during the course of discovery as adequate notice that the person will support of that party's claim.) Similarly, the phrase "otherwise made known to the other parties during the discovery process" should not be broadly applied to circumvent Rule 26(g) or give a party "license" to engage in ambush or supplement their disclosures almost by happenstance. *Poitra*, 311 F.R.D. at 666-67; *Cf. Bath and Body Works Brand Mgmt., Inc. v. Summit Entm't, LLC.*, No. 11 Civ. 1594 (GBD)(JLC), 2012 WL 5278528, at *2 (S.D.N.Y. Oct. 23, 2012).

### B.     Brett Wade

As to Mr. Wade, a parts supplier to ICS, the Defendants state, "Defendants' counsel did not learn about Mr. Wade until after the discovery cutoff, and did not learn that he possessed relevant information until undersigned counsel spoke with him on December 4, 2015." (Resp. at 3.) Rule 26(a)(1), however, imposes an obligation for a party to make a reasonable inquiry into the facts of the case, and determine what individuals may have relevant information upon which that party will rely. *See Sender*, 225 F.R.D. at 654-55.

For the foregoing reasons, this court finds that Defendants failed to comply with their disclosure obligations under Rule 26(a)(1)(A)(i), as well as their duty to supplement those disclosures in a timely manner pursuant to Rule 26(e)(1)(A). The issue now becomes whether striking Mr. Zayas and Mr. Wade from Defendants' witness list is an appropriate remedy for those transgressions.

### II.    *Substantially Justified*

The only justification offered by Defendants for not disclosing Mr. Zayas is that "[w]hile reviewing all of the disclosure documents filed by both parties to prepare the final pretrial order, Defendants discovered that Mr. Zayas had not been formally disclosed by either party." (Resp. at 3.) This is the "I forgot" excuse. "I forgot" is not substantial justification for failure to comply with discovery obligations, especially when parties are represented by counsel. Further, Defendants argue that they were not late in their disclosure as to Mr. Zayas because "Defendants supplemented their disclosures with respect to Mr. Zayas the day they learned that such disclosures were incomplete." (*Id*.) In other words, "When I discovered I had forgotten, I got

right on it." This does not make late disclosures suddenly timely, although this is a consideration for the court with respect to bad faith or willfulness.

As to Mr. Wade, Defendants state that Plaintiff worked with Mr. Wade and others on the Patuha project "and all of Plaintiff's failures related to that project, would play a large role in this case." (Resp. at 4.) However, just because Plaintiff worked with certain third party vendors on a project does not mean that any of the vendors had information relevant to any party's claims or defenses in this case. And, in fact, Defendants admit that they did not realize Mr. Wade would have anything of relevance to say until someone spoke to him on December 4, 2015.

As the court noted in *Auraria Student Hous. at the Regency, LLC v. Campus Village Apartments, LLC*, No. 10-cv-02516-WJM-KLM, 2014 WL 2933189, at *2 (D. Colo. June 30, 2014), "knowledge of the existence of a person is distinctly different from knowledge that the person will be relied upon as a fact witness." *Poitra*, 311 F.R.D. at 667; *Jama*, 304 F.R.D. at 297 ("[B]ecause the purpose of the disclosure under Rule 26(a) was to inform [defendant] of which individuals the Plaintiffs believed had pertinent information, what the information was and how to contact the individual, [defendant]'s identification of individuals in response to discovery requests did not relieve Plaintiffs of the obligation of disclosing the individuals they thought had useful information."). Failure to properly interview individuals associated with the case during or even before the discovery period is not substantial justification for failing to identify them in disclosures.

### III.   *Harmless Late Disclosure*

While discovery is, by necessity, an iterative process, Defendants' cavalier attitude about late witness disclosure has the potential to convert the Rule 26(e) supplementation requirement

6

into a "whack-a-mole" game. *Poitra,* 311 F.R.D. at 667*; Cohlmia v. Ardent Health Servs., LLC*, 254 F.R.D. 426, 433 (N.D. Okla. 2008) (observing that Rule 26(e) "does not give license to sandbag one's opponent"). Constrained by the numerical limit on depositions imposed under Rule 30(a)(2)[1] and by proportionality factors expressly incorporated in Fed. R. Civ. P. 26(b)(1), opposing counsel is confronted with a real dilemma if the mere mention of an individual's name during a deposition discharges a party's disclosure and supplementation obligations. A risk-averse party must either expend time and money taking a deposition that could prove worthless, or risk surprise at trial. *Sender*, 225 F.R.D. at 656 (Rule 26(e) "disclosures must be sufficiently detailed to allow [the opposing party] to make intelligent decisions regarding how [it] will efficiently use the limited number of depositions permitted under the Rule 16 scheduling order").

Prior to Defendants' late disclosures, discovery has closed and the Final Pretrial Order has been entered. Trial in the case is set for August 22, 2016 and the parties are set for a Trial Preparation Conference on August 11, 2016.

The belated disclosure of witnesses, particularly after the close of discovery, is antithetical to the objectives underlying Rule 1; *i.e.*, the just, speedy, and inexpensive determination of every action. *D.L. v. Unified School District # 497*, 270 F. Supp. 2d 1217, 1241 (D. Kan. 2002) (finding prejudice to the extent that the plaintiffs' failure to make required Rule 26(a)(1) disclosures undermined the defendants' ability to conduct discovery as to the non-disclosed witnesses), *aff'd in part, vacated in part, and remanded on other grounds*, 392 F.3d 1223 (10th Cir. 2004).

---

[1] Parties had a limitation of seven witness depositions per side. (Doc. No. 18.)

Defendants, of course, argue that prejudice can be cured simply by re-opening discovery for a limited purpose and allowing the depositions of the two late disclosed witnesses. However, any re-opening of discovery— particularly third party discovery—necessarily introduces costs and, likely, time that prejudices Plaintiff, especially since these individuals do not appear to be under the control of Defendants.

More to the point, the default remedy of last-minute depositions threatens to undermine the very objectives underlying the disclosure and supplementation requirements built into the Federal Rules. *Poitra* 311 F.R.D. at 670. *See also Transclean Corp. v. Bridgewood Servs., Inc.*, 77 F. Supp. 2d 1045, 1064 (D. Minn. 1999) (noting while a continuance and reopening of discovery might alleviate some of the prejudice caused by non-disclosure under Rule 26(a), "such a remedy would wreak its own distinctive prejudice," by unnecessarily prolonging the pretrial process and increasing the expense of litigation), *aff'd in part and vacated in part on other grounds*, 290 F.3d 1364 (Fed. Cir. 2002).

As noted, trial in this matter is five months away. While it is certainly likely that two depositions could be scheduled quickly enough so that trial would not be disrupted, merely taking depositions may not be the end of the story. The fact of the matter is that this court is loathe to countenance lackadaisical compliance with discovery by one party to the detriment of the other when it is always uncertain what could or would have been accomplished if timely disclosure had been made. Plaintiff's trial and settlement strategies could also be affected.

As to the fourth *Woodworker's* factor, Plaintiff has not offered any evidence that would demonstrate that Defendants' failure to comply with Rule 26(a)(1)(A)(i) and Rule 26(e)(1) was the product of bad faith or willfulness. However, Defendants' good faith alone is not enough to

8

overcome the other factors. *Jacobsen,* 287 F.3d at 955. In short, Defendants should not be permitted to ignore their disclosure obligations throughout the discovery period and then avoid sanctions simply by claiming their deficiencies were not willful. To condone this conduct would encourage late disclosures as a litigation tactic, since the remedy of out of time depositions would almost always be available as a "cure.".

It is therefore **ORDERED**

1. "Plaintiff's Motion to Strike Defendants' Improperly Disclosed Trial Witnesses" (Doc. No. 54) is **GRANTED**.

2. This court hereby **STRIKES Leonardo Zayas** and **Brett Wade** from the Final Pretrial Order (Doc. No. 50; witness list Doc. No. 50-3) based on Defendants' failure to timely disclose the potential witnesses as required by Rule 26(a)(1).

3. The Motions Hearing set for March 15, 2016 at 1:30 p.m. is **VACATED**.

Dated March 7, 2016.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge